# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NNN 400 CAPITAL CENTER 16, LLC, et al., | No. 1:17-CV-01688 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| FGG, INC., et al., | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 26, 2018

Defendants moved to dismiss Counts IV and V of Plaintiffs' Complaint. For the reasons that follow, that motion will be granted.

## I.  BACKGROUND[1]

Plaintiffs are joint owners of an office building in Arkansas.[2] Defendants were the property managers of that building.[3]

On July 24, 2014, JS Partners ("JSP") made an offer to purchase the office building.[4] By its own, written terms the offer expired on August 10, 2014.[5]

---

[1] When considering a motion to dismiss, a court assumes the truth of all factual allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Plaintiffs' Complaint, and is presumed true for present purposes.

[2] Complaint (ECF No. 1) ¶ 12.

[3] *Id.* ¶ 15.

[4] *Id.* ¶ 23.

Defendants, as part of their property managing duties, indicated that they would vet the offer and provide an analysis and recommendation on it to Plaintiffs.[6] On August 12, 2014, Defendants and Plaintiffs held a conference call, during which Defendants recommended that the offer be rejected.[7] On August 14, 2014, Defendants memorialized their recommendation in an email.[8]

At that time, one of the building's largest tenants was Blue Cross Blue Shield ("BCBS"), whose lease was set to expire on June 30, 2016.[9] BCBS ultimately did not renew its lease, and the value of the building therefore "dramatically declined."[10] Partially as a result, Plaintiffs were later forced to file for bankruptcy.[11]

Plaintiffs' Complaint contains claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), breach of fiduciary duty (Count III), negligence (Count IV), and constructive fraud (Count V). As relevant here, Plaintiffs' negligence claim is based on allegations that

---

[5] *Id.*

[6] *Id.* ¶ 24.

[7] *Id.* ¶ 27. It is not clear why this call was held *after* JSP's offer expired.

[8] *Id.* ¶ 28.

[9] *Id.* ¶ 29.

[10] *Id.*

[11] Plaintiffs initiated the instant suit as an adversary proceeding before the United States Bankruptcy Court for the District of Delaware. *In re NNN 400 Capitol Center 16, LLC*, 16-12728 (Bankr. Del. 2016); *NNN 400 Capitol Center 16, LLC v. FGG, Inc.*, No. 17-50940 (Bankr. Del. 2017). The matter was subsequently reassigned to this Court.

- 2 -

Defendants failed to exercise "due care, skill, and diligence" when considering JSP's offer, which negligence led Plaintiffs, mistakenly, to decline the offer.[12] And Plaintiffs' constructive fraud claim is based on allegations that Defendants' "acts, omissions and/or concealments" breached their fiduciary obligations to Plaintiffs.[13]

On February 22, 2018, Defendants move to dismiss Plaintiffs' Complaint.[14] Defendants' motion also sought to dismiss Paul Michael Getty for lack of personal jurisdiction. Because Plaintiffs subsequently dismissed Mr. Getty voluntarily,[15] this Court will not address that portion of Defendants' motion.

## II. DISCUSSION

### A. Whether Plaintiffs' Negligence Claim is Timely

Defendants argue that Plaintiffs' negligence claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is untimely.

Both parties agree that the relevant statute of limitations for Plaintiffs' negligence claim is two years.[16] JSP's offer expired on August 10, 2014; the last alleged act of Defendants vis-à-vis this offer occurred on August 14, 2014. The instant suit was commenced on August 1, 2017, nearly three years after that act.

---

[12] *Id.* ¶ 57.

[13] *Id.* ¶ 61.

[14] ECF No. 4.

[15] ECF No. 11.

[16] The parties also appear to agree that California law applies, at least to this claim. Defendants' Brief in Support of Their Motion to Dismiss (ECF No. 4) at 3; Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 10) at 6.

Plaintiffs, however, argue that the relevant starting date for limitations purposes should be June 30, 2016, when BCBS's lease expired, since (1) the expiration of BCBS's lease damaged Plaintiffs (through a decline in the value of the building), and (2) a claim for negligence does not accrue until "it is complete with all of its elements," including the damages element.[17] This Court disagrees. While the building's depreciation may have injured Plaintiffs, the Complaint does not indicate, nor can this Court infer, that BCBS's decision not to renew was in any way caused by, or related to, Defendants' actions. In other words, Defendants' acts did not cause those damages.[18]

Plaintiffs next argue that they should be able to utilize the "discovery rule," which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."[19] To take advantage of the discovery rule, however, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence."[20] Because Plaintiffs have not satisfied that pleading burden, the discovery rule cannot aid them.

It appears, therefore, that Plaintiffs' negligence claim is untimely; it will consequently be dismissed. The dismissal, however, will be without prejudice, and

---

[17] *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1191 (2013).

[18] *Id.* ("those elements being wrongdoing, harm, *and causation*") (emphasis added).

[19] *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807-08 (2005).

[20] *Id.* at 808 (emphasis in original).

Plaintiffs may amend their Complaint in order to rectify the above-identified deficiencies, if desired and if possible.

>   B.  **Whether Plaintiffs' Constructive Fraud Claim Has Been Pled With Sufficient Particularity**

Defendants argue that Plaintiffs' constructive fraud claim should be dismissed pursuant to Rules 9(b) and 12(b)(6).

Rule 9(b) states that, when alleging fraud, a plaintiff "must state with particularity the circumstances constituting" that fraud. The Third Circuit has indicated that this heightened pleading standard is met by factual allegations that tell the "who, what, when, where, and how of the events at issue."[21] Plaintiffs have failed to meet that standard.

Plaintiffs' constructive fraud claim occupies six numbered paragraphs in their complaint.[22] These paragraphs allege that Defendants owed a duty to Plaintiffs,[23] that Defendants' "acts, omissions and/or concealments" breached that duty,[24] that such breach requires no fraudulent intent to constitute constructive fraud,[25] that Plaintiffs "reasonably relied" on Defendants' recommendations

---

[21] *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 239 (3d Cir. 2004); *see also Frederico v. Home Depo*, 507 F.3d 188, 200 (3d Cir. 2007) ("To satisfy this [heightened] standard, the plaintiff must plead or allege the date, time[,] and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.").

[22] Complaint ¶¶ 59-64.

[23] *Id.* ¶ 60.

[24] *Id.* ¶ 61.

[25] *Id.* ¶ 62.

concerning JSP's offer,[26] and that Defendants' conduct damaged Plaintiffs to the tune of more than $10 million.[27]

Plaintiffs correctly note that their constructive fraud claim also "reasserts, restates, and incorporates by reference" the rest of their complaint, and their brief opposing Defendants' Motion to Dismiss attempts to explain how conduct alleged in other paragraphs constitutes constructive fraud. Rule 9(b), however, imposes a *pleading* standard, not a *briefing* standard. Because this explanation is absent from the complaint, Count V of the complaint will be dismissed. The dismissal, however, will be without prejudice, and Plaintiffs may amend their Complaint in order to rectify the above-identified deficiencies, if desired and if possible.

## III. CONCLUSION

For the reasons discussed above, Counts IV and V of Plaintiffs' Complaint will be dismissed. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[26] *Id.* ¶ 63.

[27] *Id.* ¶ 64.